OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 12, 2002

The Honorable Clyde Alexander
Chairman
House Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0554

Re: Whether a towing company may provide certain services for the owner of a parking facility, and related questions (RQ-0528-JC)

Dear Representative Alexander:

You ask several questions about chapter 684 of the Transportation Code, which provides for regulation of towing companies and parking facilities. First, you inquire whether section 684.082(a) prohibits a towing company from providing free of charge to the owner of a parking facility "services such as roadside assistance or lot maintenance, including parking space striping and fire lane markings."[1] We conclude that it does. You also ask whether the penalty attached to violations of chapter 684 is applicable to both parking facility owners and towing companies. We conclude that it is. Finally, you ask what agency or entity has the authority to enforce section 684.085, which imposes a fine for violations of chapter 684. We conclude that this statute may be enforced by various local prosecutors in municipal or justice of the peace courts.

Subchapter E of chapter 684 of the Transportation Code deals with the regulation of towing companies and parking facilities. Section 684.081(a) provides that "[a] parking facility owner may not directly or indirectly accept anything of value from a towing company in connection with the removal of a vehicle from a parking facility." TEX. TRANSP. CODE ANN. § 684.081(a) (Vernon 1999). Likewise, section 684.082(a) declares that "[a] towing company may not directly or indirectly give anything of value to a parking facility owner in connection with the removal of a vehicle from a parking facility." Id. § 684.082(a). A brief submitted to this office indicates that some towing companies are offering to furnish "free parking lot striping, fire lane markings, lot maintenance, and roadside assistance for employees to parking facility owners or operators."[2] The letter contends that "[t]he cost to restripe a parking lot for an apartment complex with 500 parking spaces is around $2,500." Johnson Brief, supra note 2. You first ask whether section 682.082(a) bars a towing company from providing free of charge the services described "in connection with the removal of

---

[1]Letter from Honorable Clyde Alexander, Chairman, House Committee on Transportation, to Honorable John Cornyn, Texas Attorney General (Mar. 25, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Brief from Patrick Johnson, to Opinion Committee, Office of the Attorney General at 2 (May 07, 2002) [hereinafter Johnson Brief].

a vehicle from a parking facility." Request Letter, *supra* note 1. The answer to this question depends upon whether such services constitute "anything of value," in contravention of section 684.082(a).

In Attorney General Opinion DM-330 (1995), this office considered whether the predecessor statute of section 684.082(a) was violated by a towing company when it provided a sign of the value of approximately twenty dollars to a parking facility. The opinion construed the term "anything of value" as prohibiting the furnishing of such a sign free of charge:

> The statute would plainly prevent a towing company owner from giving the parking lot owner a twenty-dollar bill, or a twenty-dollar loan. There is no legal difference between the bill or loan, and the sign. A sign of this sort has a cash value, and is therefore a thing of value for the purposes of the statute.

Tex. Att'y Gen. Op. No. DM-330 (1995) at 2. The opinion also rejected the suggestion that the gift of such a sign might not be "in connection with the removal of a vehicle from a parking facility." If a twenty-dollar sign is a "thing of value," we believe it is clear that the additional services that you describe constitute a "thing of value," whose free-of-charge provision to parking facility owners would violate the prohibition of section 684.082(a).

The advertising material submitted with the Johnson Brief includes such items as "lot maintenance for parking space striping, fire lane markings and red curb painting, handicap markings and decal on pavement, no parking zones, loading and unloading zones, and reserved and/or assigned parking markings and much, much more," and "[a]ll of this at No Charge." Johnson Brief, *supra* note 2. Furthermore, the advertisement purports to offer these services as part of a "property management package." *Id.* In our opinion, it is not permissible to offer such additional services at no charge if the services are connected to "the removal of a vehicle from a parking facility." *See* TEX. TRANSP. CODE ANN. § 684.081(a) (Vernon 1999). Attorney General Opinion DM-330 also addressed this matter:

> We decline to read this phrase [in connection with the removal of a vehicle from a parking facility] to refer to particular removals. In our view, it refers to the whole contract between the facility owner and the towing company and the arrangements incident thereto. To read the phrase otherwise would permit the sort of kickbacks the statute was designed to prevent, on the grounds that they did not relate to particular removals. Obviously, this is not what the legislature intended.

Tex. Att'y Gen. Op. No. DM-330 (1995) at 2. We too decline to read the phrase in question to refer to particular removals. As a result, the additional free services of which you inquire may not be offered in connection with the removal of vehicles from a parking facility.

Section 684.085 of the Transportation Code declares that "[a] violation of this chapter is punishable by a fine of not less than $200 or more than $500." TEX. TRANSP. CODE ANN. § 684.085 (Vernon 1999). You ask whether this penalty provision is applicable both to towing companies and to parking facility owners. As we have indicated, section 684.082(a) prohibits a towing company from directly or indirectly *giving* "anything of value" *to* a parking facility owner "in connection with the removal of a vehicle from a parking facility." *Id.* § 684.082(a). By the same token, section 684.081(a) bars a parking facility owner from directly or indirectly *accepting* "anything of value" *from* a towing company "in connection with the removal of a vehicle from a parking facility." *Id.* § 684.081(a). Thus, section 684.085 criminalizes *both* aspects of such a transaction. It is equally applicable to the donor, as exemplified by the towing company, and to the donee, in the person of the parking facility owner.

Finally, you ask about the enforcement of section 684.085. Justice courts have original jurisdiction "in criminal cases . . . punishable by fine only." TEX. CODE CRIM. PROC. ANN. art. 4.11(a) (Vernon Supp. 2002). Municipal courts "have concurrent jurisdiction with the justice court of a precinct in which the municipality is located in all criminal cases arising under state law that . . . arise within the territorial limits of the municipality and are punishable by fine only." *Id.* art. 4.14(b). In justice court, both county and district attorneys are authorized to represent the state in criminal prosecutions. TEX. CONST. art. V, § 21. In general, however, the county attorney is required to "attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination and prosecution in said county." TEX. CODE CRIM. PROC. ANN. art. 2.02 (Vernon Supp. 2002). Article 45.201 of the Code of Criminal Procedure provides that "[a]ll proceedings in a municipal court shall be conducted by the city attorney of the municipality or by a deputy city attorney." *Id.* art. 45.201(a). In addition, the county attorney, if he so desires, may "also represent the state in such prosecutions." *Id.* art. 45.201(b). As the Court of Criminal Appeals declared in *Aguirre v. State,* "the responsibility and authority for municipal court prosecutions is clear: In the municipal court the city attorney has the right and duty to prosecute, and the county attorney has the right, but not a duty, to prosecute." *Aguirre v. State,* 22 S.W.3d 463, 468 (Tex. 1999).

## S U M M A R Y

Section 684.082(a) of the Transportation Code prohibits a towing company from providing free of charge to the owner of a parking facility services such as roadside assistance or lot maintenance, including parking space striping and fire lane markings in connection with the removal of vehicles from a parking facility. The penalty attached to violations of chapter 684 is applicable to both parking facility owners and towing companies. Various local prosecutors are responsible for the enforcement of this statute in municipal and justice courts.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee